UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW SKAMFER,

        Petitioner,

        v.                                             Case No. 14-C-0787

WILLIAM POLLARD,

        Respondent.

DECISION AND ORDER REQUIRING RESPONDENT TO FILE AN ANSWER,
GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA
PAUPERIS (DOC. 2), DENYING PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL, REQUEST FOR A REFUND OF STATE FILING FEE,
AND FOR RECONSIDERATION OF A SEVENTH CIRCUIT DECISION (DOC. 4),
DENYING PETITIONER'S MOTION REGARDING JURISDICTIONAL ISSUE
AND COUNSEL APPOINTMENT (DOC. 10) AND DENYING PETITIONER'S
MOTION TO CONSOLIDATE CASES (DOC. 11)

On July 7, 2014, Matthew Skamfer filed five separate habeas petitions challenging convictions dating back to 1987. In the pending petition, Skamfer asks the court to vacate Dunn County Case No. 87-CF-9 in which he was found not guilty of battery to a police officer by reason of mental disease or defect. A Wisconsin Court of Appeals' decision suggests that the a jury determined that Skamfer could be released on conditions set by the court in the summer of 1989. 1991 WL 198154 (Wis. Ct. App. 1991). However Skamfer was soon arrested for operating a motor vehicle while under the influence and fleeing an officer. After Skamfer set a fire in his cell, the state petitioned to revoke his conditional release and to recommit him to Mendota Mental Health Institute. *Id.* The court ordered recommitment. *Id.* It further appears that there have been multiple convictions since the 1987 case involving battery to the police officer with the most recent criminal proceeding filed in 2008.

The allegations in the pending petition resemble those in Case No. 14-C-787. Skamfer contends that a judge "re-ruled" on the suppression rulings in Dunn County Case Nos. 87-CF-5 and 87-CF-9 thereby violating the double jeopardy/collateral estoppel doctrines. Similarly, Skamfer claims ineffective assistance of counsel, denial of due process and equal protection violations. According to Skamfer, he was acquitted and received no sentence. Nevertheless, he asserts that counsel misled him by informing him that he would receive a sentence of fifty years unless he plead NGI and that commitment would only last until he was better.

Skamfer states that he filed a petition or motion in Dunn County and the Wisconsin Court of Appeals in 2006 and mailed a "second" petition or application to Dunn County the year before on January 5, 2005. A third petition was filed in Dodge County on July 2, 2013, but Skamfer says that he was not given a filing number. Skamfer believes he has exhausted his state remedies through various habeas petitions that he filed over the years, and/or asserts that his attorney misrepresented to him that the judge would give him fifty years in prison unless he plead NGI and that counsel misrepresented that commitment would only last until he improved. Additionally, Skamfer asserts that he filed a federal petition in 2011 that was dismissed based on the one year limitations period. However, the case he identifies, 11-C-285, challenged Dodge County Circuit Court Case No. 08-CF-37.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

2

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed in the screening order entered in 14-C-786, the pending petition presents a number of procedural obstacles not the least of which is that the criminal case challenged by Skamfer is 27 years old. Nevertheless, the court cannot determine how or when the commitment ended and/or whether Skamfer's current conviction is related to the underlying conviction. Skamfer argues that Mendota Mental Health officials "maliciously applied repeaters and maliciously consecutive nature" after he utilized the grievance process in early 1992. Moreover, by his own admission, Skamfer took no action in the Wisconsin courts until 2005 or 2006. Because the record is required for further review and Skamfer raises colorable constitutional arguments, an answer or other response is warranted.

3

That said, Skamfer also seeks leave to proceed in forma pauperis, as well as the appointment of counsel, return of a state court filing fee, reconsideration of a Seventh Circuit decision, release pending an evidentiary hearing, and the consolidation of cases. With respect to the request to proceed in forma pauperis, Skamfer's affidavit indicates that has no retirement, investments, real estate or other valuable assets beyond his prison trust account. Consequently, the court is satisfied that he is unable to pay the $5 filing fee associated with this action.

However, the court finds no basis to appointment counsel at this time. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Id.*, 503 F.3d at 654-55.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent

4

to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.* Because Skamfer has not met the threshold requirement for the appointment of counsel, his request will be denied.

Finally, Skamfer has filed several motions regarding a "jurisdictional issue" stemming from the transfer of papers from Dane County to Dunn County in a state case, the return of a $164.50 relating to a state court filing fee, reconsideration of a Seventh Circuit decision, release pending an evidentiary hearing and the consolidation of cases. As discussed in Case No. 14-C-786, the court has no authority to intervene or enter orders in a pending state case or revisit a decision of the Seventh Circuit. Moreover, Skamfer's request for immediate release fails to establish any basis for release at this time. The final motion requests consolidation of cases in the "interests of justice as all are based on void acts" but Skamfer labels the motion as a request for leave to appeal in forma pauperis. There has been no appeal docketed in this case and this is the first order entered by this court. Hence, there is no order from which to appeal and no basis to consolidate the five petitions challenging multiple convictions from multiple counties. Now, therefore,

IT IS ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If an answer is filed, Skamfer shall have forty-five days from receipt of the answer to file a brief in support. If a motion to dismiss

5

is filed, the motion must be accompanied by a brief in support and other relevant materials. The time for Skamfer to respond shall be governed by this district's local rules, which allows for twenty-one days. Skamfer shall not file any motion prior to receiving the answer or a motion to dismiss from the respondent.

Briefs may not exceed thirty pages, double spaced.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

IT IS FURTHER ORDERED that Skamfer's motion to proceed in forma pauperis is granted. (Doc. 2.)

IT IS FURTHER ORDERED that Skamfer's motion for appointment of counsel and for a refund of the state filing fee and reconsideration of a Seventh Circuit decision is denied. (Doc. 4)

IT IS FURTHER ORDERED that Skamfer's motion regarding jurisdictional issue and counsel appointment is denied. (Doc. 10)

IT IS FURTHER ORDERED that Skamfer's motion to consolidate cases is denied. (Doc. 11)

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE